IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| BUSINESS AUDIO PLUS, L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CAUSE NO.: 09SL-CC3010 |
| | ) | |
| COMMERCE BANK, NA | ) | DIVISION NO.: 3 |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW THE PLAINTIFF, Business Audio Plus, L.L.C. and for its cause of action against Commerce Bank, N.A. states to the court as follows:

1. The Plaintiff is a Missouri Limited Liability Company in good standing and does business throughout the state of Missouri and the Midwest.

2. The Plaintiff is the successor in interest to certain contracts between the Defendant and entities and corporations and people, known as Capital GBS Communications, Inc d/b/a Advertising on Hold, and Dana Young d/b/a Onhold Studios Plus and On Hold Studios. (Exhibits A-G previously filed with the court)

3. Commerce Bank, N.A. is a nationally associated bank and a subsidiary of Commerce Bancshares, Inc. and it has branch banks throughout the state of Missouri including in the Eastern District of the Federal System of Missouri.

4. This cause of action arose in the County of St. Louis and in many places at many different times over several years and in many places including locations within the Eastern District of the Federal Court System of Missouri.

1

## COUNT 1
## COPYRIGHT INFRINGEMENT-17 USC § 101-§ 505

Comes now the Plaintiff and for count 1 of its cause of action against the defendants states as follows:

5.   The Plaintiff, through the efforts of its founder, is the original author and owner of "Literary Works" or by contract has purchased the exclusive rights and owns the copyright on the "Literary works" which are expressed in tangible mediums of expression, on audio tapes, audio discs, and other recording devices, using words, numbers, musical or other verbal or numerical symbols or indicia and which are also contained in electronic and paper form and transferred through electronic devices, to be used on telephonic type machines while members of the public are on hold after they make telephone calls to businesses who have subscribed and purchased the plaintiff's copyrighted services and literary work. 17 USCS § 102; 17 USCS § 201

6.   The defendant has subscribed to the Plaintiffs services and literary works since 1998 and renewed the right to use the literary works under written contracts made with the Plaintiff and with predecessor companies from who it purchased the assets which include the literary works. The contracts are attached to this petition as exhibits A- H and wholly incorporated herein.

7.   The defendants by specific agreement have subscribed to and paid to use the literary works at initially 8 and eventually 22 of 250 or more locations owned or operated by defendant, Commerce Bank, NA.

8.   Sometime on or before August of 2007 the defendant, Commerce Bank, NA, started using the literary works at 200 of its 300 or more locations without the permission or knowledge of the Plaintiff, infringing on the copyrights of by the Plaintiff only.

9.   The Plaintiff issued a cease and desist letter to the Defendant Commerce Bank N.A.

2

and demanded payment, and though the Defendant stopped and discontinued business with the Plaintiff, it failed and refused to pay the Plaintiff for the use from which it benefited. In addition it cancelled contracts that were in effect before their term expired.

10. As a direct result the Plaintiff has been damaged. It has lost in the contracted value of its services in the approximate amount of $274,000 for use over several years at about 200 of the Defendant's locations.

11. The acts of the Defendant in using the Plaintiffs literary work without permission or consent and were done with deliberate concealment and outside any contracted location and because of this the acts were deceptive and willful and malicious and warrant punitive damages.

12. Under the Copyright laws the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except, as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

WHEREFORE, the Plaintiffs pray for a judgment of actual damages, punitive damages, and attorney's fees and costs and expenses in an amount determined by the court or jury of fact to be fair compensation, and reasonable exemplary damages.

## COUNT 2
## UNJUST ENRICHMENT

Comes now the Plaintiff and for Count 2 of its Cause of Action, restates the allegations of Count 1 and states in Count 2 the following:

13. The Plaintiff has conferred a benefit on the Defendant who have used the Plaintiff literary works and copyrighted material without permission or payment at over 174 locations for several years.

3

14. The Defendant surely appreciated the benefit and realized the value of the services they were using and the savings being generated at the Plaintiff's expense.

15. It would be unjust to allow the defendant to accept and retain the Benefit of use of the Plaintiffs services without paying for them.

WHEREFORE, the Plaintiff prays the court for a judgment in the amount of the unjust enrichment and the actual value of its contracted services and literary work.

ALLAN AND SUMMARY, LLC.

JOHN J. ALLAN, MBE #24080
11 S. Newstead
St. Louis, MO 63108
Phone 314-531-2442
Fax 314-531-2485
jja@allanlaw.com
www.allanlawgroup.com

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was sent this 30th day of September, 2010 by U.S. Mail, First Class, postage pre-paid to: Mr. Edwin Harvey and Mr. Clayton Thompson, Thompson Coburn, LLP, 1 U.S. Bank Plaza, St. Louis, MO 63101.