UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BUSINESS AUDIO PLUS, L.L.C.,            )
                                         )
            Plaintiff(s),                )
                                         )
    vs.                                  )       Case No. 4:10CV2064 JCH
                                         )
COMMERCE BANK, NA,                       )
                                         )
            Defendant(s).                )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Commerce Bank, NA's Motion to Dismiss

Plaintiff's Fourth Amended Complaint[1], filed December 10, 2010. (Doc. No. 23). The motion is fully

briefed and ready for disposition.

## BACKGROUND[2]

Plaintiff Business Audio Plus, L.L.C., is the successor in interest to certain contracts between

Defendant and Capital GBS Communications, Inc., d/b/a Advertising on Hold, Dana Young, d/b/a

Onhold Studios Plus, and On Hold Studios. (Complaint (Doc. No. 14), ¶ 2). Plaintiff claims to be

either the original author and owner of, or the holder of exclusive rights to, certain "Literary Works,"

described as follows: "'Literary works' which are expressed in tangible mediums of expression, on

audio tapes, audio discs, and other recording devices, using words, numbers, musical or other verbal

or numerical symbols or indicia and which are also contained in electronic and paper form and

---

[1] According to Defendant, Plaintiff's Complaint more appropriately is designated its "Fourth Amended Complaint", as Plaintiff filed a Petition and three Amended Petitions in state court. (Defendant's Motion to Dismiss, P. 1 n. 1).

[2] The majority of the Court's background section is taken from Plaintiff's Complaint, to which Defendant has yet filed an answer.

transferred through electronic devices, to be used on telephonic type machines while members of the public are on hold after they make telephone calls to businesses who have subscribed and purchased the plaintiff's copyrighted services and literary work." (Compl., ¶ 5(a)[3]).[4] Despite its claim that it "owns the copyright" on the "Literary Works,", Plaintiff admits it has neither registered the material for copyright, nor applied to do so under 17 U.S.C. § 411. (Id., ¶ 5).

According to Plaintiff, Defendant has subscribed to Plaintiff's services and Literary Works since 1998, and has renewed its right to utilize such works pursuant to contracts with both Plaintiff and its predecessor companies. (Compl., ¶ 6). Plaintiff alleges that although Defendant contracted to use the works at only 22 of its approximately 250 locations, in or before August, 2007, Defendant began using the works at 200 or more of the locations. (Id., ¶¶ 7, 8). Plaintiff maintains this expanded use, undertaken without the permission or knowledge of Plaintiff, violated Plaintiff's rights under the Copyright Act and state law.

Plaintiff filed its original Petition against Defendant and Commerce Bancshares in the Circuit Court of St. Louis County, Missouri, on July 13, 2009. (Defendant's Notice of Removal, attached Exh. A (Doc. No. 1-1), PP. 136-142). On or about May 18, 2010, Plaintiff filed a First Amended Petition, alleging Breach of Contract, Unjust Enrichment and Quantum Meruit, and Fraud by Concealment. (Id., PP. 92-96). On September 8, 2010, the State Court Judge sustained Defendant's Motion to Dismiss Plaintiff's First Amended Petition, and granted Plaintiff leave to amend. (Id., P.

---

[3] Plaintiff's Complaint contains two paragraph "5"s. For ease of reference, the Court refers to the second of these paragraphs as paragraph "5(a)."

[4] Defendant describes Plaintiff product as "message on hold boxes" ("Boxes"), allegedly leased to Defendant. (Commerce Bank's Memorandum in Support of its Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Defendant's Memo in Support"), P. 2). Defendant maintains when callers to Commerce were put on hold, the Boxes played pre-recorded music and marketing messages in a continuous loop. (Id.).

29).[5]  Plaintiff filed its Second Amended Petition on or about October 8, 2010, alleging Copyright Infringement and Unjust Enrichment.  (Id., PP. 13-16).

Defendant removed the case to this Court on November 1, 2010, based on this Court's exclusive jurisdiction to hear claims under the Federal Copyright Act.  (Doc. No. 1).  On November 23, 2010, Plaintiff filed the instant Complaint, asserting the following four causes of action: Copyright Infringement-17 U.S.C. § 101-§ 505 (Count 1); Breach of Implied Covenant of Good Faith and Fair Dealing (Count 2); Unjust Enrichment (Count 3); and Fraud by Concealment (Count 4). (Doc. No. 14).

As stated above, Defendant filed the instant Motion to Dismiss on December 10, 2010, asserting, *inter alia*, that Plaintiff's copyright claim must be dismissed for failure to obtain a copyright registration, and its state law claims must be dismissed as preempted by the Federal Copyright Act. (Doc. No. 23).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff.  Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)).  Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted, however, if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  While a Complaint

---

[5] Commerce Bancshares was dismissed as a Defendant at that time.  (Doc. No. 1-1, P. 29).

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted); Huang v. Gateway Hotel Holdings, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## DISCUSSION

### I. Plaintiff's Copyright Claim Must Be Dismissed Because Its "Literary Works" Are Not Registered

In its Motion to Dismiss, Defendant asserts Count 1 of Plaintiff's Complaint must be dismissed, because Plaintiff fails to satisfy a necessary precondition to commencing copyright litigation--registration. (Defendant's Memo in Support, PP. 10-11). Section 411(a) of the Copyright Act provides in relevant part as follows: "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); see also Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237, 1241 (2010) ("Subject to certain exceptions [not applicable here], the Copyright Act [] requires copyright holders to register their works before suing for copyright infringement."). As noted above, Plaintiff here acknowledges it has yet to apply for registration of its material under 17 U.S.C. § 411. (Compl., ¶ 5). Because it fails to allege or demonstrate the existence of a valid copyright registration in its Literary Works, Plaintiff fails to meet § 411(a)'s statutory prerequisite, and thus cannot maintain its infringement claim. See Staggs v. West, 2010 WL 2670979 at *3 (D. Md. Jun. 25, 2010); Kruska v. Perverted Justice Foundation Incorporated.Org, 2010 WL 4791666 at *9 (D. Ariz. Nov. 18, 2010).

## II.    **Plaintiff's State Law Claims Are Preempted By The Copyright Act**

Defendant next asserts Plaintiff's claims for breach of implied covenant of good faith and fair dealing, unjust enrichment, and fraud by concealment must be dismissed as preempted by the Copyright Act.  (Defendant's Memo in Support, PP. 6-10).  "'The Copyright Act provides the exclusive source of protection for all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright.'"  Warren Sign Co., Inc. v. Piros Signs, Inc., 2010 WL 3034637 at *2 (E.D. Mo. Aug. 3, 2010), quoting National Car Rental System, Inc. v. Computer Associates Intern., Inc., 991 F.2d 426, 428 (8th Cir. 1993).  The preemption provision is found in section 301(a) of the Copyright Act, which states in relevant part as follows:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103,....are governed exclusively by this title.  Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  "Section 301 preempts only those state law rights that may infringe one of the exclusive rights provided by copyright law," however, and does not limit "any rights or remedies under the common law or statutes of any state with respect to activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified under section 106." Davidson & Associates, Inc. v. Internet Gateway, Inc., 334 F.Supp.2d 1164, 1174-75 (E.D. Mo. 2004) (internal quotations and citations omitted).

Courts employ a two-part test to determine whether an apparent state-law claim is preempted by the Copyright Act:  "'A state cause of action is preempted if:  (1) the work at issue is within the subject matter of copyright as defined in §§ 102 and 103 of the Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of copyright as

specified in § 106.'" <u>Warren Sign Co., Inc.</u>, 2010 WL 3034637 at *2, quoting <u>National Car Rental</u>, 991 F.2d at 428. "If an extra element is required, instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." <u>Davidson</u>, 334 F.Supp.2d at 1175 (internal quotations and citation omitted).

In applying the two-part test to Plaintiff's state law claims, the Court assumes without deciding that the subject of Counts 2 through 4 falls within the "subject matter of copyright" as defined in the Copyright Act.[6] Accordingly, the question before the Court is whether the state rights asserted in those counts are equivalent to any of the exclusive rights granted by section 106 of the Act. In viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Court finds the claims are not equivalent, as the alleged restriction on Defendant's use of the material, "creates a right not existing under copyright law," and "constitutes an extra element that makes [these causes] of action qualitatively different from one for copyright." <u>Davidson</u>, 334 F.Supp.2d at 1175 (internal quotations and citation omitted). <u>See also</u> <u>National Car Rental</u>, 991 F.2d at 430-431 (holding plaintiff's allegation that defendant breached its contract by using the material in a fashion not permitted under the contract did not implicate a right equivalent to one of the exclusive copyright rights). The Court thus finds Counts 2 through 4 of Plaintiff's Complaint are not statutorily preempted by the Copyright Act. <u>Davidson</u>, 334 F.Supp.2d at 1175.

This decision does not end the Court's analysis, however, as Counts 2 through 4 of Plaintiff's Complaint raise solely issues of state law. 28 U.S.C. § 1367 provides in relevant part as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts

---

[6] This assumption is bolstered by Plaintiff's repeated references throughout the counts to its "literary works and copyrighted material."

have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

(c)     The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–

(3)     the district court has dismissed all claims over which it has original jurisdiction;....

28 U.S.C. § 1367(a) & (c).

The Eighth Circuit has held that district courts have "broad discretion" in deciding whether to exercise supplemental jurisdiction over state law claims.  <u>Willman v. Heartland Hosp. East</u>, 34 F.3d 605, 613 (8th Cir. 1994), <u>cert. denied</u>, 514 U.S. 1018 (1995); <u>see also</u> <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills</u>, 141 F.3d 1284, 1287-88 (8th Cir. 1998).  Upon consideration, this Court will now exercise its discretion under 28 U.S.C. § 1367(c) to decline jurisdiction, and remand Counts 2 through 4 of Plaintiff's Complaint to the Court from which this matter was removed.  <u>See</u> <u>TMTB I, LLC v. City of Manchester, Mo.</u>, 2007 WL 3146562 at *2 (E.D. Mo. Oct. 25, 2007) ("Section 1367 does not by its terms specify a proper course of action when a district court declines to assert supplemental jurisdiction.  However, the 'animating principle' behind supplemental jurisdiction supports giving a district court discretion to remand a removed case when the exercise of supplemental jurisdiction is inappropriate."); <u>Lindsey v. Dillard's, Inc.</u>, 306 F.3d 596, 600 (8th Cir. 2002) (same); <u>American Eagle Waste Industries, LLC v. Saint Louis County, Mo.</u>, 2010 WL 1049796 at *6 (E.D. Mo. Mar. 18, 2010) (same).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Commerce Bank's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. No. 23) is **GRANTED** in part, and Count One of Plaintiff's Complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Counts Two, Three and Four of Plaintiff's Complaint are **REMANDED** to the Circuit Court of St. Louis County, Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 26th day of January, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE